CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

May 01, 2025
LAURA A. AUSTIN, CLERK
BY:
s/A. Beeson
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| James Lee Cecil, Jr., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 7:25-cv-00080 |
| | ) | |
| Gordon Rutledge and Major Chad Keller, | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner James Lee Cecil, Jr., submitted a Petition for Writ of Habeas Corpus without identifying any legal authority for his request. (Dkt. 1.) He contends that he has lost good time as a result of a disciplinary hearing conviction in May 2024 that was obtained through a process that violated his Due Process rights. (*Id.* at 7–8.) He asks this court to overturn the conviction and restore his good time. (*Id.* at 10.)

Petitioner Cecil is, according to his submission, a pretrial detainee currently being held at Western Virginia Regional Jail by Roanoke and Montgomery Counties. (*Id.* at 1, 11). Because he has not been convicted of a state crime, 28 U.S.C. § 2254 does not provide a basis for his Petition. Only a prisoner incarcerated on a state conviction may bring a post-conviction challenge to the validity of a state conviction or sentence by filing a petition pursuant to 28 U.S.C. § 2254. *In re Wright*, 826 F.3d 774, 778 (4th Cir. 2016) (explaining that § 2254 "mandates that district courts entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court" (emphasis and internal

quotation marks omitted)).   "On the other hand, a petition pursuant to 28 U.S.C. § 2241 is generally brought as a post-conviction challenge to the execution of a federal sentence, parole decision, calculation of good time credits, or prison disciplinary action."  *Miller v. Cannon*, No. 2:17-CV-2752-TMC-MGB, 2017 WL 6731503, at *2 (D.S.C. Oct. 23, 2017).   Neither of these situations applies here as Cecil has not been convicted of his pending state charges, nor is he challenging the execution of a federal sentence, parole decision, calculation of good time credits, or prison disciplinary action.

However, "[t]he general grant of habeas authority in § 2241 is available for challenges by a state prisoner who is not in custody pursuant to a state court judgment—for example, a defendant in pre-trial detention . . . . In these situations, not covered by the limitations in § 2254, the general grant of habeas authority provided by the Constitution and § 2241 will provide jurisdiction for state prisoners' habeas claims."  *Hao Qing Zhan v. Wilson*, No. 8:12-cv-3052-RBH, 2013 WL 4500055, at *5 n.6 (D.S.C. Aug. 19, 2013) (quotation marks omitted); *see* 28 U.S.C. § 2241(c)(3) (providing that a writ of habeas corpus may be granted to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States"). Accordingly, the court **CONSTRUES** Cecil's Petition as a request for the writ of habeas corpus asserted pursuant to § 2241.

Federal courts cannot consider habeas petitions (under both §§ 2254 and 2241) until the claims asserted have been exhausted.  *Brown v. Keohane*, 475 F. Supp. 943, 944 (E.D. Va. 1979).   Exhaustion requires that the issue be presented to the state's highest court and considered on the merits.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 842–45 (1999).   "Put another way, Petitioner cannot directly seek federal court review of a state prison administrative

grievance—as a matter of federal law, and based on principles of federalism and comity—without going through the state court system." *Urias v. Soto*, No. CV 15-772 VBF MRW, 2015 WL 3901653, at *2 (C.D. Cal. June 18, 2015).

Cecil included with his Petition pleadings involving the same facts filed in a state court habeas action pending in the Circuit Court for the County of Roanoke, Case CL 24000739. (Dkt. 1-1.)   The action is pending without any ruling on the merits of the claim.   Accordingly, Cecil has not yet exhausted his claims by appealing them to Virginia's highest court. Therefore, at this time, Cecil's claims are unexhausted and premature for this court's consideration; they must be dismissed without prejudice, preserving Petitioner's right to refile after exhaustion is complete.   *Brown*, 475 F. Supp. at 944.

For this reason, the court **DISMISSES** this action without prejudice.

The Clerk is **DIRECTED** to send a copy of this Order to Cecil.

**ENTERED** this 1st day of May 2025.


/s/ *Jasmine H. Yoon*
_____
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE